IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAMIEL KIROS GEBREMEDHIN,<br>A#221-392-689, | §<br>§<br>§ | |
| *Petitioner*, | §<br>§ | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-2416-FB |
| | § | |
| TODD BLANCHE, in his official capacity<br>as Acting Attorney General of the United<br>States of America, *et al.*, | §<br>§<br>§ | |
| | § | |
| *Respondents*. | § | |

## AMENDED[1] ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Samiel Kiros Gebremedhin's ("Petitioner") Petitioner's Original

Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and

Injunctive Relief ("Petition") (ECF No. 1), the Federal Respondents' ("Respondents") Response (ECF

No. 6), and Petitioner's Reply (ECF Nos.7 ) to the Response.  The relevant facts are undisputed and the

Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989)

(citations omitted).

## BACKGROUND

Petitioner is currently detained in the South Texas Immigration Processing Center in Dilley,

Texas, located in the Western District of Texas.  Petitioner entered the United States on November 14,

2025, and upon entry Immigration and Customs Enforcement apprehended Petitioner.  Petitioner argues

that Petitioner's detention is unlawful and asks the Court to order Petitioner's release or a bond hearing.

---

[1]  The Court enters this amended order to correct the date by which Respondents' status report is due.

**DISCUSSION**

Respondents acknowledge prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. While Respondents disagree with those decisions, they acknowledge the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions. Respondents reallege and preserve the legal arguments made by the Respondents in those previous cases with respect to the due process and other claims.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025). Respondents state they preserve all legal arguments made by Respondents in those cases, and therefore the Court incorporates the filings in those cases into the record in this case.

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated

Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Samiel Kiros Gebremedhin from custody, under reasonable conditions of supervision, to a public place no later than **May 18, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **May 19, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 14th day of May, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE